

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

401 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 16, 1984

This Opinion
Overrules Opinion

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Opinion No. JM-234

Re: Whether article 5996a, V.T.C.S., the nepotism law, is applicable to the special career ladder committees created by House Bill No. 72

Dear Commissioner Bynum:

You ask whether the nepotism law applies to the selection of teachers for level two, three, and four of the career ladder established by House Bill No. 72 of the Sixty-eighth Legislature, Second Called Session. Acts 1984, 68th Leg., 2nd C.S., ch. 28, at 269. Article 5996a, V.T.C.S., the nepotism statute, provides in part:

> No officer of this State nor any officer of any district, county, city, precinct, school district . . . <u>shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty</u>, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds. . . . [Exception for appointment of person continuously employed in any office, position, clerkship, employment or duty for two years prior to election of relative.] (Emphasis added).

This statute will apply only if the assignment of teachers to a particular career ladder level constitutes appointment to "any office, position, clerkship, employment or duty. . . ."

Section 13.301 of the Education Code provides that each teacher shall be assigned to a career ladder level based on performance, experience, academic work, and job assignments. See Acts 1984, supra,

at 354.  A teacher on level two, three, or four of a career ladder is entitled to the following annual supplement in addition to the minimum salary set under chapter 16, subchapter B of the Education Code:

> Level 2 . . . . . . $2,000
> Level 3 . . . . . $4,000
> Level 4 . . . . . $6,000

Educ. Code §16.057(a) (added by Acts 1984, supra, at 314).  But see Educ. Code §16.057(c)(1) (added by Acts 1984, supra, at 315) (reduction of supplements if allotment under §16.158 will not fully fund them).  Entry to level two, three, or four of the career ladder requires possession of a teaching certificate which corresponds to that level, a stated combination of education and teaching experience at the prior level, and job performance that meets statutory standards.  Educ. Code §§13.308-13.310 (added by Acts 1984, supra, at 360); see Educ. Code §13.304 (added by Acts 1984, supra, at 356) (standards for appraising job performance).  The State Board of Education is to adopt a process and criteria to be used by school districts in appraising a teacher's performance for career ladder assignment.  At least two persons will appraise a teacher's performance -- his supervisor and another person approved by the board of trustees.  Educ. Code §§13.302; 13.303 (added by Acts 1984, supra, at 354).  A school district decision is final and subject to appeal only if the decision was arbitrary and capricious or made in bad faith.  Educ. Code §13.319 (added by Acts 1984, supra, at 364).

A special provision governs assignment of teachers to career ladder levels in the 1984-1985 school year.  Educ. Code §13.301(a) note (added by Acts 1984, supra, at 365).  For that year, each teacher is to be assigned to level one or level two on the career ladder.  Id. A teacher may be assigned to level two if he has the years of experience and education required to enter that level:

> The determination of a teacher's eligibility to enter level two under this subsection will be made by a committee or committees appointed by the school district.  Each committee shall include one principal, one person from central administration who has direct responsibility for personnel, and one other administrator.  This three-member committee shall designate two teachers as level two teachers who shall then become members of the committee for purposes of review of all remaining teachers.  The committee shall consider a teacher's past performance as a criterion for placement on level two.

Id.

You ask whether article 5996a, V.T.C.S., the nepotism statute, applies to the selection of level two, three, and four teachers. As we have pointed out, this statute applies to appointment to "any office, position, clerkship, employment or duty. . . ." V.T.C.S. art. 5996a.

Assignment to a higher career ladder level results in an increased salary for the teacher, but it does not constitute a promotion or change of job duties. A move up the career ladder recognizes a teacher's accomplishments in education, teaching experience, and job performance by giving him a status which is transferable to another school district. Educ. Code §13.321 (added by Acts 1984, supra, at 364) (teacher is entitled to transfer career ladder level between districts unless he waives entitlement). A teacher's place on the career ladder exists independently of assignment to particular teaching duties, as shown by section 13.313 of the Education Code (added by Acts 1984, supra, at 362).

> Sec. 13.313. REASSIGNMENT OF DUTIES. If a school district reassigns a teacher to another grade level or another subject over the objections of the teacher, the teacher may not be reassigned to a lower career ladder level on the basis of performance appraisals during the first three years in which the teacher teaches the new grade level or subject.

A change in career ladder level is thus not equivalent to a change in teaching duties. A particular career ladder level is not an office, position, clerkship, or duty within article 5996a, V.T.C.S. The nepotism statute therefore does not apply to the selection of level two, three, and four teachers.

Letter Advisory No. 68 (1973) concluded that article 5996a, V.T.C.S., prohibited a school teacher whose husband was a school board member from receiving a salary increase over the regular increment provided by law. It relied on Attorney General Opinion M-671 (1970), which discussed the exception for a relative "continuously employed in any office, position, clerkship, employment or duty for a period of (2) years prior to the election or 'appointment' of the board member." This opinion stated as follows:

> It is our opinion that the Legislature intended by the underscored language of the Article, supra, only that a person would not lose his job if a relative were elected to an office within the Article's purview. We cannot conclude that the Legislature, in view of the spirit of the other provisions of the Article, intended that a

> relative of such an office holder could be promoted to a position whereby his financial remuneration would be enhanced. (Emphasis added).

Letter Advisory No. 68 went one step further in concluding that article 5996a applied to a salary increase without promotion to a new position. But see Attorney General Opinion MW-135 (1980) (article 5996a, V.T.C.S., does not bar clerical aide from receiving raise given all persons doing similar work). We believe Letter Advisory No. 68 departed from the language of article 5996a, V.T.C.S., in concluding that the statute applied to salary increases. A salary increase is not "an office, position, clerkship, employment or duty." Attorney General Opinion M-671 addressed a promotion to a new position at an increased salary, not an increased salary alone.

Other rulings issued by this office adhere closely to the statutory language. Letter Advisory 69 (1973) stated that "the plain and unambiguous language of the exception makes it apply only to the 'office, position, clerkship, employment or duty' in which the person shall have been continuously employed. . . ." Therefore, the school board could not appoint to a new, less remunerative position a trustee's relative who had kept his job under the exception in article 5996a, V.T.C.S. See also Attorney General Opinion MW-135 (1980) (article 5996a, V.T.C.S., prevents assignment of teacher to additional duty of preparing curriculum guides during summer). Letter Advisory No. 68 gives article 5996a, V.T.C.S., an interpretation not supported by the words of the statute and is therefore overruled.

Article 5996d, V.T.C.S., provides that

> [n]o officer or other person included within the third preceding article [5996a] shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible.

This provision applies to persons who have been employed in violation of article 5996a, V.T.C.S. Attorney General Opinions O-1031, O-361 (1939). See also Attorney General Opinion M-857 (1971). There is no violation of article 5996a, V.T.C.S., when a teacher is assigned a career ladder level. Article 5996d, V.T.C.S., is therefore inapplicable and does not bar the trustees from approving the teacher's salary payments. The nepotism law does not apply to the assignment of teachers to level two, three, and four of the career ladder under chapter 13, subchapter E, of the Texas Education Code.

## S U M M A R Y

Articles 5996a and 5996d, V.T.C.S., concerning nepotism, do not apply to the selection of level two, three, and four teachers pursuant to chapter 13, subchapter E of the Texas Education Code added by House Bill No. 72 of the Sixty-eighth Legislature, Second Called Session. Letter Advisory No. 68 (1973) is overruled.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton